IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| VOESTALPINE HIGH PERFORMANCE METALS CORP. *ET AL*. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-00093 |

ORDER

Upon consideration of the defendant's motion for a voluntary remand, and all responses thereto, it is hereby ORDERED that the motion is GRANTED; and it is further

ORDERED that the Department of Commerce's final determinations not to exclude High Alloyed Specialty Steel products in various specifications and sizes from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862, challenged in this action are remanded to Commerce for reconsideration in accordance with this order; and it is further

ORDERED that:

- Upon issuance of this order, and considering that this case concerns 502 exclusion requests, Commerce shall file its remand results in Tranches in accordance with the following schedule:

| Tranche 1 | November 1, 2021 |
|---|---|
| Tranche 2 | December 1, 2021 |
| Tranche 3 | January 7, 2022 |
| Tranche 4 | January 28, 2022 |
| Tranche 5 | February 18, 2022 |
| Tranche 6 | March 11, 2022 |
| Tranche 7 | April 1, 2022 |

| | |
|---|---|
| Tranche 8 | April 22, 2022 |
| Tranche 9 | May 20, 2022 |
| Tranche 10 | June 10, 2022 |

- Commerce shall file its administrative record for the remand proceedings no later than 14 days after filing Tranche 10 of its remand results; and

- The parties shall file a proposed scheduling order no later than 14 days after the filing of Tranche 10 of the remand results.

SO ORDERED.

September 30, 2021                              _____
                                                                  New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| VOESTALPINE HIGH PERFORMANCE METALS CORP. *ET AL*. <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 21-00093 |

DEFENDANT'S MOTION FOR VOLUNTARY REMAND

Defendant, the United States, respectfully requests that the Court remand the challenged actions of the United States Department of Commerce for the agency to reconsider its final determinations not to exclude High Alloyed Specialty Steel in various specifications and sizes from the remedy imposed by the President under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862.

After further review of the subject exclusion requests, we have determined that, for the same reasons outlined in previous cases,[1] this case should be remanded. If this motion is granted, Commerce intends to reconsider the 502 subject exclusion requests and provide, where necessary, additional explanation for its decisions. Commerce will issue new determinations to either: (1) grant the requests excluding some or all of these products from the scope of the Section 232 measure on steel imports; or (2) deny the exclusion requests.

On September 22 and 28, we notified counsel for the plaintiff that we intended to seek a voluntary remand. On September 30, 2021, counsel for the plaintiffs represented that the plaintiffs do not consent to this motion.

## BACKGROUND

Pursuant to the authority granted the President under Section 232, Proclamation 9705 established a 25 percent tariff on imports of most steel products. *Adjusting Imports of Steel Into the United States, Proclamation No. 9705 of March 8, 2018*, 83 Fed. Reg. 11,625 (Mar. 15,

---

[1] *See, e.g., California Steel Industries, Inc. v. United States*, CIT No. 21-00015, ECF No. 44.

2018). In implementing the steel tariff, the President "authorized [Commerce] to provide relief from the additional duties set forth in clause 2 of this proclamation for any steel article determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality" "and []also []to provide such relief based upon specific national security considerations." *Proclamation No. 9705*, 83 Fed. Reg. at 11,627.

Plaintiffs voestalpine High Performance Metals Corp. (voestalpine) and Edro Specialty Steels, Inc. (Edro) submitted 502 exclusion requests for High Alloyed Specialty Steel products of various specifications and sizes. *See* Compl., Exh.1. Commerce (Bureau of Industry and Security, or BIS) rejected all 502 requests. In general, Commerce denied the requests because it found that the domestic industry was capable of manufacturing sufficient quantities of merchandise of sufficient quality for all 502 subject requests. *See* Compl. ¶ 42.

In the beginning of Commerce's administration of the exclusion process in 2018 through 2019, Commerce officials met with interested parties (both requesters and objectors) to discuss pending exclusion

requests and to discuss the exclusion program generally.  BIS has no regulation requiring the documentation of such meetings and, at the time, did not have a practice of contemporaneously documenting those meetings.

In a management alert issued in late 2019, the Department of Commerce's Office of the Inspector General (OIG) stated that the lack of contemporaneous documentation of these meetings gave the "appearance that Department officials may not be impartial or transparent and are potentially making decisions based on evidence not contained in the official record for specific exclusion requests."  *See* Management Alert: Certain Communications by Department Officials Suggest Improper Influence in the Section 232 Exclusion Request Review Process Final Memorandum No. OIG-20-003-M (Oct. 28, 2019).[2]  Significantly, no determination was made that any agency officials acted in bad faith or without impartiality.

---

[2] The memorandum is available at https://www.oig.doc.gov/Pages/Management-Alert-Certain-Communications-by-Department-Officials-Suggest-Improper-Influence-in-the-Section-232-Exclusion-Req.aspx.

In their complaint, voestalpine and Edro cite, among other things, this memorandum and allege that "Commerce ceded the process for obtaining exclusions to the Objectors without reasoned consideration of the actual record evidence." Compl. ¶ 15.

## ARGUMENT

I. Standard Of Review

Voluntary remand is consistent with the principle that "[a]dministrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider." *Trujillo v. General Elec. Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980) (citing *Albertson v. FCC*, 182 F.2d 397, 399 (D.C. Cir. 1950)).

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Indeed, under the circumstances here, which involve weighing multiple interests and evidence from disparate sources, "a remand to the agency is required, absent the most unusual circumstances verging on bad faith." *Id.* at 1029-30 (identifying the

appropriateness of remand with respect to a change in policy relating to the interpretation of an ambiguous statute); *see also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action.").

Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *SKF*, 254 F.3d at 1029. Commerce's concerns are substantial and legitimate where: (1) "Commerce provided a compelling justification for its remand request," (2) "the need for finality - although an important consideration - does not outweigh the justification for voluntary remand presented by Commerce," and (3) the "scope of Commerce's remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005).

"If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare

6

circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

II.  Commerce's Request For Remand Is Based On Substantial and Legitimate Concerns

We respectfully request that the Court remand Commerce's determinations for the exclusion requests at issue for further consideration, without confessing error.

First, Commerce has a compelling justification for its request for voluntary remand. Commerce acknowledges that another Judge of this Court, in *JSW Steel, Inc. v. United States*, found that Commerce's denials of the exclusion requests at issue in that case were "devoid of explanation and frustrate judicial review." 466 F. Supp. 3d 1320, 1330 (Ct. Int'l Trade 2020). Based on its review of the decision memoranda and underlying recommendations in this case, which are similar in reasoning and scope of analysis as those reviewed in *JSW*, Commerce wishes to reconsider the exclusions and to provide additional reasoning or explanation, as necessary.

Additionally, we recognize that, in the absence of contemporaneous *ex parte* memoranda, and despite our best efforts to

7

provide the Court and parties with documents and information in existence concerning communications between interested parties and Commerce while the exclusion requests were pending, the Court may nonetheless conclude that the existing record is incomplete. Commerce therefore proposes, on remand, to reconsider the exclusion requests by engaging in a new and independent review of a record limited to: (1) the original exclusion requests; (2) the parties' original objections, rebuttals and sur-rebuttals; and (3) any other information that the decision-maker considers, which will be documented in the record.

Because Commerce will be making new determinations, the proposed remand eliminates any disputes about what was before the decision-maker at the time the original decisions were made, or any claim that the agency previously considered *ex parte* information. Thus, a voluntary remand at this stage, to create and decide the exclusions based on a new and independent review of the original record submissions, will eliminate any potential disputes about the completeness of the current record.

Second, the need for finality is not outweighed by the agency's justification. Indeed, voestalpine and Edro seek to overturn

Commerce's denials of its exclusion requests or, in the alternative, an order remanding the subject exclusion requests to Commerce for reconsideration. *See* Compl. Prayer for Relief. On remand, Commerce could grant some or all of the exclusion requests that plaintiffs challenge in this case. Thus, "remanding for reconsideration now essentially expedites relief that {the plaintiffs} seek[] and may obviate the necessity for remand (or, perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S. Inc. v. United States*, 2020 Ct. Intl. Trade LEXIS 95 (July 20, 2020). Should Commerce grant an exclusion on remand, the one-year exclusion will be retroactive to the date the request for exclusion was accepted by Commerce. *Proclamation 9777 of August 29, 2018, Adjusting Imports of Steel Into the United States*, 83 Fed. Reg. 45,025, 45,026, cl. 5 (Sept. 4, 2018).

Third, the scope of our request is appropriate. The scope is broad – Commerce intends to fully reconsider all aspects of the exclusion requests based on a new and independent review. This broad scope is necessary and proportional to resolve the issues presented in this appeal.

Commerce's request is therefore substantial and legitimate. Remand will conserve judicial resources on a matter that may well be mooted or resolved by further agency consideration of the matter. Further, remand will provide the opportunity for meaningful judicial review of supported determinations based upon the parties' original submissions, thus resolving any dispute as to the completeness of the present administrative record. *Fla. Power & Light*, 470 U.S. at 744; *see, e.g., Katunich v. Donovan*, 5 C.I.T. 274, 275 (1983) (remanding to agency upon finding that administrative record was incomplete). Moreover, when a reviewing court is unsure of an agency's reasoning, the proper course is to remand "to afford the agency an opportunity to set forth its view in a manner that would permit reasoned judicial review." *Checkosky v. SEC*, 23 F.3d 452, 462 (D.C. Cir. 1994) (separate opinion of Silberman, J.). In sum, a voluntary remand will foster the just, speedy, and inexpensive resolution of this case. USCIT R. 1.

Commerce estimates that 10 Tranches are necessary to reconsider these 502 exclusion requests.[3]

---

[3] We previously moved for voluntary remand in six other cases. In recognition of Commerce's availability of resources, we proposed a

In seeking this amount of time, Commerce has considered its limited resources, and its ongoing statutory obligations. In particular, there are currently over 17,000 pending exclusion requests before Commerce, which, in general, Commerce must decide within 106 days.

The duration of our request will not prejudice the plaintiffs. If, on remand, Commerce grants an exclusion, voestalpine and Edro will then be able to notify CBP and request to apply the exclusions to specific entries. If CBP determines that a claimed exclusion applies to the merchandise covered by the entries, those entries will be liquidated without Section 232 duties, and with interest provided for by law.[4]

---

somewhat lengthy, staggered schedule for accomplishing those remands. Since then, five of those cases have been referred to court-annexed mediation. The schedule proposed here assumes that the other pending motions will not be granted imminently; should those motions be later granted, we will likely seek to adjust the proposed schedule to account for the significant number of exclusion requests at issue in this case.

[4] "[S]teel . . . articles specified in the approved decision memo in entries that have not been liquidated by CBP are those eligible for tariff refunds or tariff exclusions." 85 Fed. Reg. 81,060, 81,064 (Dep't of Commerce Dec. 14, 2020). Recognizing that potentially covered merchandise could enter the United States while an exclusion request is pending, CBP has provided guidance to importers on how to claim an exclusion on previously imported entries. CSMS #39633923, UPDATE: Submitting Imports of Products Excluded from Duties on Imports of

11

For these reasons, we respectfully request that the Court grant our motion for voluntary remand.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

                                        JEANNE E. DAVIDSON
                                        Director

                                        /s/Tara K. Hogan
                                        TARA K. HOGAN
                                        Assistant Director

| OF COUNSEL: | /s/ Ann C. Motto |
| --- | --- |
| | ANN C. MOTTO |
| | Trial Attorney |
| Kimberly Hsu | Department of Justice |
| Office of Chief Counsel for | Civil Division |
| Industry and Security | Commercial Litigation Branch |
| Department of Commerce | P.O. Box 480, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Tel.:  (202) 353-7968 |
| | Email: Ann.C.Motto@usdoj.gov |
| Dated: September 30, 2021 | Attorneys for Defendant |

---

Steel or Aluminum (Sept. 3, 2019), *available at* https://content.govdelivery.com/accounts/USDHSCBP/bulletins/25cc403.

## GLOSSARY

BIS: Bureau of Industry and Security

CBP: United States Customs & Border Protection

HTS: Harmonized Tariff Schedule